**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MICHELE MURPHY,

       Plaintiff,

                                            Case No. 8:18-cv-2993-T-23CPT

v.

CREDIT ONE BANK, N.A.,

       Defendant.

_____/

## DEFENDANT, CREDIT ONE BANK, N.A.'S, UNOPPOSED MOTION TO DISMISS AND COMPEL ARBITRATION AND INCORPORATED MEMORANDUM OF LAW

       Defendant, Credit One Bank, N.A. (Credit One), through counsel and under the Federal Rules of Civil Procedure and the Federal Arbitration Act (FAA), 9 U.S.C. §§ 2-4, hereby moves the Court for an Order compelling arbitration and dismissing this lawsuit with prejudice, or in the alternative to enter an Order staying these proceedings and compelling plaintiff, Michele Murphy (plaintiff), to pursue her claims in arbitration.

       As explained in detail below, plaintiff's claims against Credit One are subject to binding arbitration pursuant to the underlying credit card agreement for plaintiff's credit card account.  In fact, numerous federal courts including the United States District Court for the Middle District of Florida, the United States District Court for the District of New Jersey, United States District Court for the Middle District of Tennessee, United States District Court for the Western District of New York, United States District Court for the Southern District of New York, United States District Court for the Eastern District of

New York, and the United States District Court for the Eastern District of Pennsylvania analyzed the identical arbitration clause and compelled arbitration in similar cases against Credit One.  *See e.g. Babb v. Credit One*, No. 2:16-cv-00266-SPC-CM, Doc. 20 (M.D. Fla. July 22, 2016); *Ellin v. Credit One Bank,* 2015 WL 7069660 (D. N.J. Nov. 12, 2015); *Bibee v. Credit One Bank*, 2015 WL 5178700 (M.D. Tenn. Sept. 4, 2015); *Salerno v. Credit One Bank*, 2015 WL 6554977 (W.D.N.Y. Oct. 29, 2015); *Cal v. Credit One Bank, N.A.*, No. 15-cv-3641-MAS-TJB, ECF 15 (D. N.J. Dec. 16, 2015); *Sandra Velez v. Credit One Bank*, Case No. 15-CV-4752, (E.D.N.Y. Jan. 25, 2016); *Griffin v. Credit One Financial d/b/a Credit One Bank*, Case No. 2:15-CV-03700 (E.D. Penn. Feb. 11, 2016); *Bubay v. Credit One Bank*, No. 2:15-cv-02831-KSH-CLW, ECF 18 (D. N.J. March 24, 2016); and *Boule v. Credit One Bank*, 2016 WL 3015251 (S.D. N.Y. May 11, 2016). Likewise, this Court should order plaintiff to pursue her claims against Credit One in arbitration and dismiss plaintiff's claims with prejudice.

## I.   PROCEDURAL HISTORY AND BACKGROUND

On or about December 11, 2018, plaintiff filed this action alleging Credit One violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq*., and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559, *et seq.,* by autodialing the cellular telephone of plaintiff (Dkt. 1).  Plaintiff, however, agreed to binding arbitration of any and all disputes with Credit One.  The Visa/Mastercard Cardholder Agreement, Disclosure Statement and Arbitration Agreement ("Cardholder Agreement"), which both debtors agreed to, states, "you or we may, without the other's consent, require that **any controversy or dispute between you and us** (all of which are

called 'Claims'), be submitted to mandatory, binding arbitration." *See* Affidavit of Jeffrey Meek, attached hereto as **Exhibit A**; *see also* the Cardholder Agreement attached as **Exhibit A-2** (emphasis added).

On June 11, 2017, plaintiff applied for, and subsequently received, a credit card ending in 2354 (the "Account") with Credit One. *See* **Ex. A** at ¶ 7; *see also* screenshot of the information provided by plaintiff attached as **Exhibit A-1**. In response to application, Credit One mailed the credit card to her, and enclosed in the same envelope the *Visa/Mastercard Cardholder Agreement, Disclosure Statement and Arbitration Agreement* (hereinafter the "Cardholder Agreement"), which governs plaintiff's relationship with Credit One. **Ex. A** at ¶¶ 8-9; **Ex. A-2**.

The Cardholder Agreement provides:

> **PLEASE READ THIS ARBITRATION AGREEMENT OF YOUR CARD AGREEMENT CAREFULLY. IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY CONTROVERSY OR DISPUTE BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO A JURY AND THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING.**

> . . .

> You and we agree that either you or we may, without the other's consent, require that any controversy or dispute between you and us (all of which are called "Claims"), be submitted to mandatory, binding arbitration. This Arbitration Agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by, and enforceable under, the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 et seq., and (to the extent State law is applicable), the State law governing the Card Agreement.

> **Claims Covered:**

- Claims subject to arbitration include, but are not limited to, disputes relating to the establishment, terms, treatment, operation, handling, limitations on or termination of your Account; any disclosures or other documents or communications relating to your Account; any transactions or attempted transactions involving your Account, whether authorized or not; billing, billing errors, credit reporting, the posting of transactions, payments or credits, or collections matters relating to your Account; . . . and any other matters relating to your Account, a prior related Account or the resulting relationships between you and us.

. . .

- Claims subject to arbitration include Claims based on any theory of law, any contract, statute, regulation, ordinance, tort (including fraud or any intentional tort), common law, constitutional provision, respondeat superior, agency or other doctrine concerning liability for other persons, custom or course of dealing or any other legal or equitable ground (including any claim for injunctive or declaratory relief). Claims subject to arbitration include Claims based on any allegations of fact, including an alleged act, inaction, omission, suppression, representation, statement, obligation, duty, right, condition, status or relationship.

. . .

- Thus, if you or we require arbitration of a particular Claim, neither you nor we may pursue the Claim in any court litigation . . .

**Ex. A-2**.

Under the Cardholder Agreement, either party may compel arbitration for any dispute between them including for claims relating to any communication, credit reporting or collection. *See id.* The arbitration provision further applies to all Claims based on any theory of law including statute, tort (including fraud or any intentional tort), and common law based upon any allegation of fact, including an alleged act, inaction, omission, suppression, representation, statement, obligation, duty, right, condition, status or relationship. *See id.* Moreover, the Agreement expressly provides that "[a]ny

questions about what Claims are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced." *Id.*

Plaintiff activated the credit card on or around June 27, 2017.  *See* **Ex. A** at ¶ 11. Plaintiff made charges to the credit card and payments on the account.  *Id*. at ¶ 12; *see also* Account Statements from June 19, 2017 to July 2, 2018 attached as **Exhibit A-3**. Plaintiff accepted the terms and conditions by requesting, receiving, and signing her credit card, as well as by charging purchases to the card and making payments on the Account, as described in the Cardholder Agreement.  *See* **Ex. A** at ¶ 13; **Ex. A-3**.

## II.    LAW AND ARGUMENT

### A.    *Plaintiff Bears the Burden to Establish This Lawsuit Should Not Be Dismissed.*

Courts routinely "treat motions to compel arbitration as motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)" or as "a motion seeking dismissal based on an agreement to arbitrate . . . under Rule 12(b)(3)" since "[a]n arbitration clause is simply a type of forum-selection clause."  *MRI Scan Ctr., LLC v. Natl. Imaging Assocs., Inc.,* 2013 WL 1899689, at *2 (S.D. Fla. May 7, 2013); *Johnson v. Orkin, LLC*, 556 Fed. Appx. 543, 544 (7th Cir. 2014) (unpublished) (internal citations omitted); *see also Grasty v. Colorado Tech. U.*, 599 Fed. Appx. 596, 597 (7th Cir. 2015) (unpublished); *Aggarao v. MOL Ship Mgt. Co., Ltd.,* 675 F.3d 355, 366 (4th Cir. 2012); *Hayes v. Delbert Servs. Corp.*, 2015 WL 269483, at *1 (E.D. Va. Jan. 21, 2015); *Wal-Mart Stores, Inc. v. Helferich Pat. Licensing, LLC*, 51 F. Supp. 3d 713, 721 (N.D. Ill. 2014).

Nevertheless, under either Rule 12(b)(1) or 12(b)(3), the Court "may consider matters beyond the pleadings." *Fields v. NCR Corp.*, 683 F. Supp. 2d 980, 984 (S.D. Iowa 2010). Moreover, plaintiff bears the burden of proving jurisdiction and venue or her complaint will be dismissed. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).

**B.** *A Strong Federal Policy Exists Favoring Arbitration.*

The FAA provides written contracts to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This strong language manifests a "liberal federal policy favoring arbitration agreements." *Moses J. Cone Mem'l Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 24 (1983). Thus, courts are directed to "rigorously enforce agreements to arbitrate." *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987) (internal quotation marks omitted) (citation omitted).

In April of 2011, the United States Supreme Court reaffirmed the FAA's "liberal federal policy favoring arbitration," reinforced the "fundamental principle that arbitration is a matter of contract," and directed that "courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms." *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745, 179 L.Ed.2d 742, 751 (2011) (internal citation omitted).

On January 10, 2012, the Supreme Court of the United States again confirmed the enforceability of arbitration clauses. *See Compucredit Corp. v. Greenwood*, 132 S.Ct. 665 (2012). In *Greenwood*, the Court considered whether the FAA requires an arbitration

agreement to be enforced in suits brought pursuant to the Credit Repair Organizations Act (CROA), which is silent on whether CROA claims can proceed in arbitration. Writing for the majority, Justice Scalia was blunt: the creation of a statutory cause of action is not enough to imply an exception to the FAA rule validating arbitration agreements. *Id.* at 670. The Court held:

> It is utterly commonplace for statutes that create civil causes of action to describe the details of those causes of action, including the relief available, in the context of a court suit. If the mere formulation of the cause of action in this standard fashion were sufficient to establish the 'contrary congressional command' overriding the FAA, valid arbitration agreements covering federal causes of action would be rare indeed. But that is not the law.

*Id.*

The FAA "creates a body of federal substantive law establishing and governing the duty to honor agreements to arbitrate disputes." *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 522 (3d Cir. 2009). "In particular, the FAA provides that as a matter of federal law '[a] written provision' in a maritime or commercial contract showing an agreement to settle disputes by arbitration 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract.'" *Id.* (quoting 9 U.S.C. § 2). "Congress designed the FAA to overrule the judiciary's longstanding reluctance to enforce agreements to arbitrate and its refusal to put such agreements on the same footing as other contracts, and in the FAA expressed a strong federal policy in favor of resolving disputes through arbitration." *Id.* (citations omitted).

"In deciding whether claims are subject to arbitration, a court must consider (1) whether the parties have entered into a valid agreement to arbitrate, and, if so, (2) whether the dispute at issue comes within the scope of the arbitration agreement." *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 128 (2d Cir. 2011) (citing *ACE Capital Re Overseas Ltd. v. Cent. United Life Ins. Co.,* 307 F.3d 24, 28 (2d Cir. 2002)); *see also Mehler v. Ther Terminix Int'l Co., L.P.*, 205 F.3d 44, 47 (2d Cir. 2000).

Understandably, the standard for demonstrating arbitrability is not high. The court's only role when presented with a question of arbitrability is to determine (1) whether a valid arbitration agreement exists and (2) whether the scope of the parties' dispute falls within that agreement.

**C**.     ***Plaintiff is Required to Arbitrate Claims Against Credit One***.

As explained above, when plaintiff opened her account, she agreed to submit all disputes between her and Credit One to arbitration. *See* **Ex. A** at ¶ 13; **Ex. A-2**.  Plaintiff received notice of the arbitration provision *before* using the credit card – in the Cardholder Agreement enclosed with the credit card.  *Id.* at ¶¶ 8-13.  Pursuant to Credit One's policy to include the applicable Cardholder Agreement containing the arbitration clause when mailing the credit card to the customer, plaintiff received the Cardholder Agreement as evidenced by plaintiff's activation of the credit card and use of the card to make purchases.  *Id.*

The overwhelming evidence shows plaintiff agreed to the terms of the Cardholder Agreement; therefore, the Cardholder Agreement creates a binding contract requiring plaintiff to arbitrate any and all disputes with Credit One.  Further, this arbitration

provision specifically mandates that it shall be governed by, and enforceable under the FAA. *Id.*   Therefore, because plaintiff is bound by the arbitration clause in the Cardholder Agreement, the first element of Credit One's motion to dismiss and compel arbitration is undeniably satisfied.

**D.**   ***Plaintiff's Claims Fall Within the Scope of the Arbitration Agreement.***

Plaintiff's claims against Credit One all fall within the scope of the arbitration agreement.  Plaintiff alleges Credit One violated the TCPA and the FCCPA  (Dkt. 1). The arbitration agreements are extremely broad and provides:

> You and we agree that either you or we may, without the other's consent, require that **any controversy or dispute between you and us** (all of which are called "Claims"), be submitted to mandatory, binding arbitration.
>
> \*\*\*
>
> Claims subject to arbitration include **Claims based on any theory of law**, **any** contract, **statute**, regulation, ordinance, tort (including fraud or any intentional tort), common law, constitutional provision, respondeat superior, agency or other doctrine concerning liability for other persons, custom or course of dealing or any other legal or equitable ground (including any claim for injunctive or declaratory relief).  Claims subject to arbitration include **Claims based on any allegations of fact**, including an alleged act, inaction, omission, suppression, representation, statement, obligation, duty, right, condition, status or relationship.

**Ex. A-2** (emphasis added).

Under the arbitration agreements, either party may initiate the arbitration. *See id*. The agreements provide arbitration is to be conducted in accordance with the rules and procedures of the American Arbitration Association.  *See id*.   Regarding the location, arbitration hearings are to take place at a location in the same city as the U.S. District

Court closest to the plaintiff's billing address.  *See id.*   The Agreement further provides if plaintiff prevails at arbitration on any claim, Credit One will reimburse plaintiff for any fees paid to the Administrator in connection with the arbitration proceedings.  *See id.*

There can be little doubt plaintiff's claims against Credit One fall within the substantive scope of the arbitration provisions of the Agreement.   Accordingly, all elements of a motion to compel have been met: (1) a valid agreement to arbitrate exists and (2) the dispute falls within the scope of that agreement.  Thus, this Court should find Credit One is entitled to invoke the arbitration provisions of the Agreement; and, accordingly, dismiss this instant action and compel plaintiff to pursue arbitration.

### III.   CONCLUSION

WHEREFORE, Defendant, Credit One Bank, N.A., respectfully requests this Court dismiss plaintiff's claims against Credit One, or, in the alternative, enter an order staying this matter and compelling plaintiff to pursue the claims against Credit One in arbitration, and for such other relief as this Court deems proper.

Dated: January 31, 2019

Respectfully submitted,

*/s/ Michael P. Schuette*
Michael P. Schuette, Esq.
Florida Bar No. 0106181
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, FL 33618
Telephone:    (813) 890-2472
Facsimile:     (866) 466-3140
mschuette@sessions.legal
dvanhoose@sessions.legal

*Attorneys for Defendant,*
*Credit One Bank, N.A.*

## CERTIFICATE OF SERVICE

I certify that on this 31st day of January 2019, a copy of the foregoing was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below.  Parties may access this filing through the Court's system.

Amanda J. Allen, Esq.
William Peerce Howard, Esq.
The Consumer Protection Firm
4030 Henderson Boulevard
Tampa, FL 33629
amanda@TheConsumerProtectionFirm.com
Shenia@TheConsumerProtectionFirm.com


*/s/ Michael P. Schuette*
Attorney